**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

UNITED STATES OF AMERICA

v.

CAUSE NO.: 2:09-CR-43-4-TLS
2:26-CV-177-TLS

HANEEF JACKSON-BEY

**OPINION AND ORDER**

This matter is before the Court on Defendant Haneef Jackson-Bey's Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF

No. 840] and Motion for the Court to Accept Movant's Declaration Memorandum in Support of

Pro Se § 2255 Petition, Motion for the Court to Convert Petition Upon Merits, Motion to Stay

Enforcement of Provisions, Motion to Appoint Counsel for Pro Se Movant, and Motion to

Expedite Responses [ECF No. 839], both filed on April 20, 2026. For the reasons detailed below,

the Defendant's § 2255 motion is dismissed and the relief requested in the multi-motion is moot.

**BACKGROUND**

On March 19, 2010, the Defendant pleaded guilty to Sex Trafficking by means of Force,

Fraud, and Coercion, in violation of Title 18 United States Code Section 1591(a)(1) and

1591(b)(1). ECF Nos. 273, 275. On September 8, 2010, the Court sentenced the Defendant to a

term of imprisonment of 180 months. ECF No. 329.

On August 23, 2011, the Defendant filed a Motion to Vacate pursuant to 28 U.S.C

§ 2255. ECF No. 402. In relevant part, the Defendant argued that his plea of guilty was

unlawfully induced or made involuntarily, his conviction was obtained by use of a coerced

confession, his right to self-incrimination was violated, and the prosecution failed to disclose

favorable evidence. *Id.* at 4–5. On January 23, 2012, the Honorable Rudy Lozano denied the Motion. ECF No. 409.

On September 27, 2013, the Defendant filed a second Motion to Vacate under 28 U.S.C. § 2255. ECF No. 485. On October 15, 2013, the Honorable Rudy Lozano dismissed the second motion for lack of jurisdiction. *See* ECF No. 488.

On February 18, 2020, the Defendant filed a Motion for Post-Conviction Relief under Federal Rule 60(B). ECF No. 701. And, on June 5, 2023, the Defendant filed a Motion for Reconsideration, asking the Court to reconsider the ruling on his original § 2255 motion. ECF No. 785. On February 7, 2024, the Court dismissed both motions as impermissible successive motions under § 2255. ECF Nos. 803, 804. On January 8, 2024, the Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 800, and on February 7, 2024, the Court dismissed the motion for lack of jurisdiction, ECF No. 805. On March 8, 2024, the Defendant filed a Notice of Appeal, ECF No. 807, which the Court of Appeals dismissed, ECF No. 812.

On April 28, 2025, the Court of Appeals denied him leave to file a successive § 2255 motion. ECF No. 15, 2:11-CV-307.

On July 23, 2024, the Defendant filed a Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), ECF No. 813, which the Court denied on January 28, 2025, ECF No. 831.

On August 19, 2024, the Defendant filed a Motion for Relief from Judgment and Order, ECF No. 815], asking for reconsideration of the Court's February 7, 2024 Opinion dismissing his § 2255 motion. The Court denied the motion on October 24, 2024. ECF No. 821.

On April 20, 2026, the Defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 840, and Motion for the Court to

Accept Movant's Declaration Memorandum in Support of Pro Se § 2255 Petition, Motion for the Court to Convert Petition Upon Merits, Motion to Stay Enforcement of Provisions, Motion to Appoint Counsel for Pro Se Movant, and Motion to Expedite Responses Motion, ECF No. 839. In the § 2255 motion, the Defendant asserts ineffective assistance of counsel, actual innocence, miscarriage of justice, prosecutorial misconduct, malicious prosecution, and abuse of judicial discretion.

## ANALYSIS

The Court dismisses the § 2255 Motion for lack of jurisdiction. "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); *Holt v. United States*, 843 F.3d 720, 723 (7th Cir. 2016) (stating that "Section 2255(h) permits a court of appeals to authorize a successive collateral attack").

Here, there is no indication that the Defendant obtained permission from the Court of Appeals to file this successive petition. Thus, this Court lacks jurisdiction to assess the Defendant's arguments. *See Nuñez*, 96 F.3d at 991. As the Defendant's Motion is improper under § 2255, it must be dismissed.

## NO CERTIFICATE OF APPEALABILITY

The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Where, as here, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court will not issue the Defendant a certificate of appealability.

### CONCLUSION

For the reasons stated above, Defendant Haneef Jackson-Bey's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 840] is DISMISSED and the Court DENIES as moot the relief requested in the Motion for the Court to Accept Movant's Declaration Memorandum in Support of Pro Se § 2255 Petition, Motion for the Court to Convert Petition Upon Merits, Motion to Stay Enforcement of Provisions, Motion to Appoint Counsel for Pro Se Movant, and Motion to Expedite Responses [ECF No. 839].

The Court DECLINES to issue a Certificate of Appealability.

SO ORDERED on April 24, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4